THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN 256535)
2082 Michelson Dr., Suite 301
Irvine, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Cameron@sehatlaw.com

Attorney for Plaintiff, Pamela Marie Fields

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA MARIE FIELDS, individually and on behalf of the estate of DONTE LAMONT JORDAN, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LONG BEACH, and 10 UNKNOWN OTHER NAMED EMPLOYEES OF THE CITY OF LONG BEACH, <br><br> Defendants. | CASE NO. CV14-4937 MNF-PLAx <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)** <br><br> 2. **Municipal Liability for Custom, Policy etc.- Monell (42 U.S.C. § 1983)** <br><br> 3. **Conspiracy to Violate Civil Rights (42 U.S.C. § 1983)** <br><br> 4. **Negligence** |

Plaintiff Pamela Marie Fields ("plaintiff" or "Ms. Fields"), upon information and belief, alleges the following:

### INTRODUCTION

1. This case challenges the unjustified shooting, wrongful seizure and death of Donte Lamont Jordan, hereinafter referred to as "JORDAN", by the City of

Long Beach and Unknown Named Employees of the City of Long Beach (together "defendants"). JORDAN was unarmed when, without warning, defendants shot him multiple times with their service revolvers at close range and killed him. Defendants had no probable cause to believe that JORDAN had committed a crime or had threatened or in the process of threatening anyone's life with any force whatsoever. Neither had JORDAN fired any shots at the defendants, as claimed, to justify any type of lethal force used against him.

2. The use of lethal force against JORDAN killing him was unconstitutional and violated clearly established law that would have been known to any reasonable police officer.

## JURISDICTION AND VENUE

3. This case arises under 42 U.S.C. §1983. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

4. Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts, as the plaintiffs' federal questions claims, this Court has subject matter jurisdiction over plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (e) in that (1) the unlawful actions challenged herein occurred in the Central District; and (2) all of the parties reside in the Central District.

## PLAINTIFF

6. Plaintiff, Pamela Marie Fields at all relevant times was a resident of the County of Los Angeles, State of California.

7. Plaintiff, Pamela Marie Fields at all relevant times is the biological mother of the decedent JORDAN.

## DEFENDANTS

8. Each named defendant is a natural person except for defendant City of Long Beach ("Long Beach"), which is, and at all times herein mentioned was, an

1

incorporated city and political subdivision of the State of California, duly organized and existing under the laws of the State of California.

9. Plaintiff is unaware of the true identities and capacities of defendants 10 unknown named employees of the City of Long Beach, inclusive. Each of the fictitiously named defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true identities and capacities of those fictitiously named defendants when they are determined.

10. At all relevant times, unknown named defendants were officers and employees of the City of Long Beach. Liability under California law for defendant City of Long Beach and its employees, including the unknown named defendants, is based upon California Government Code § 815.2 and § 820 and/or Civil Code §§ 43. Plaintiff timely filed a tort claim with defendant City of Long Beach and has complied with the requirements of the California Tort Claims Act.

11. Each defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other defendant. At all times herein mentioned, each and every defendant herein had the legal duty to oversee and supervise the hiring, conduct, employment and discipline of each and every other defendant herein. Each defendant, in doing the acts, or in omitting to act as alleged in this complaint, was acting within the scope of his or her actual or apparent authority, or the alleged acts and omission of each defendant as agent subsequently were ratified and adopted by each other defendant as principal.

12. At all times relevant to this Complaint, each defendant acted under the color of state law.

13. Each of the individual defendants was in some way responsible for the constitutional violations alleged in this complaint.

14. In committing the acts alleged in this complaint defendants acted knowingly, maliciously and with reckless or callous disregard for the constitutional

2

rights of Plaintiff justifying an award of punitive damages under federal and California law against each individual defendant.

## FACTUAL ALLEGATIONS

15. On November 10, 2013, at approximately 6:08 p.m., JORDAN had been walking on the north side of Anaheim Street and was proceeding eastbound towards Chestnut on his way home in the city of Long Beach, California.

16. At that very moment, defendants, unknown City of Long Beach officers began shooting their revolvers at JORDAN and did not stop until he was pulseless. Defendants shot JORDAN multiple times in his back who died from multiple gun shots wounds.

17. Defendants shot and killed JORDAN with their service revolvers while he was unarmed, when he had committed no crime, had not disobeyed any commands, and posed no threat or danger to himself, the public, or the police officers.

18. At the time of the shooting, JORDAN did nothing to justify the defendants' act of excessive force upon him. The defendants knew, or should have known, that JORDAN had not committed a crime, was not actively resisting or evading arrest, and posed no immediate threat to the public or the defendant officers. JORDAN did nothing to provoke the shooting.

19. The defendants knew, or should have known, that there was no probable cause to shoot to kill JORDAN.

20. After the unlawful shooting, defendants failed to summon emergency medical assistance to JORDAN or failed to do so in a reasonable time period until the defendants had a chance to meet among themselves and try to fabricate a false basis so as to justify the shooting and killing of JORDAN.

21. JORDAN was deprived of his interests protected by the Constitution or laws of the United States, and defendants caused all such deprivations while acting under color of state law.

3

22. All acts or omissions alleged to have been engaged by any individual defendants were committed with evil motive and intent, and in callous, reckless, and wanton disregard to the individual rights of JORDAN.

## COUNT ONE

## UNREASONABLE SEARCH AND SEIZURE –EXCESSIVE FORCE

## (42 U.S.C. § 1983)

### (Against All Defendants)

23. The allegations set forth in paragraphs 1 through 22 are incorporated herein by reference.

24. Defendants, while working as police officers for the City of Long Beach and acting within the course and scope of their duties, shot JORDAN multiple times and without warning when he had not committed any crime. Defendants shot JORDAN multiple times while he had his back to the officers when he posed no imminent physical threat to any officers or any member of the public. All aforementioned acts were in violation of JORDAN's right to be secure in his person against unreasonable seizure guaranteed by the Fourth Amendment to the United States Constitution.

25. As a result of their conduct, defendants are liable to plaintiff for JORDAN's death, either because they were integral participants in their reckless conduct and because they failed to summon emergency medical care to attempt to save his life.

26. Plaintiff is informed and believes and hereon alleges that the acts of the individual defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of his rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

27. As a direct and legal result of defendants' acts and omissions, and the death of decedent, Plaintiff has suffered damages, including, without limitation, the

4

Decedent's loss companionship, comfort, affection, society, and solace, and will continue to be deprived of the relationship of her son, and his comfort to the same extent as prior to his injuries and death, all to her general and special damages according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

## COUNT TWO
## MUNICIPAL LIABILITY FOR POLICY, CUSTOM, ETC.
## (42 U.S.C. § 1983)
### (Against Defendant City of Long Beach only)

28.   The allegations set forth in paragraphs 1 through 27 are incorporated herein by reference.

29.   At all times herein mentioned the 10 Unknown Named Employees of the City of Long Beach were employees acting under the direction and control of defendant City of Long Beach. Defendant City of Long Beach and 10 Unknown Named Employees of the City of Long Beach knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments to the United States Constitution. These customs, policies, practices and usages required and encouraged the employment, deployment and retention of persons, as peace officers, who have a propensity for violence, excessive force, dishonesty, and additional abuses of their duties as peace officers in the employment of the City of Long Beach.

30.   Defendant City of Long Beach knowingly maintained or permitted an official policy or custom of permitting the occurrences of the types of wrongs alleged herein by, among other things, failing and refusing to meaningfully investigate or discipline police officers known to have repeatedly violated the constitutional rights of the public.

31.   Additionally, Defendant City of Long Beach has displayed deliberate

indifference to the rights of citizens and, based upon the principles set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), the City of Long Beach is liable for all injuries sustained by plaintiff as set forth herein.

32. Defendant City of Long Beach bears liability because its policies, practices and/or customs were a cause of plaintiff's injuries. Defendant City of Long Beach and its officials maintained or permitted a policy, practice and custom of permitting, encouraging and ratifying the use of unnecessary and unreasonable force, false arrest and acting with reckless indifference to the constitutional rights of members of the public by its police officers by, among other things:

a. Failing to adequately train and supervise police officers with respect to constitutional limits on use of force, arrest, and detention;

b. Failing to discipline officers known to have a propensity for violence, the use of unnecessary and unreasonable force, false arrest and/or dishonesty;

c. Continuing to assign such officers to duties where they are likely to, and indeed do, injure members of the public;

d. Writing false reports and giving false testimony to cover up acts of misconduct, including, but not limited to, the use of unnecessary force, false arrest and/or dishonesty by its officers and thereby conveying to them its approval and/or lack of concern about police misconduct;

e. Refusing to discipline adequately individual officers and employees found to have committed similar acts of abuse and misconduct;

f. Refusing to investigate competently and impartially allegations of abuse and misconduct alleged to have been committed by Long Beach Police Department officers, including the

6

allegations made by plaintiff in this case;

g. Planting evidence or withholding evidence in favor of the participant officers to favor the same officers' version of the police misconduct.

h. Reprimanding, threatening, intimidating, demoting firing and otherwise retaliating against officers who reported acts of abuse by other officers;

i. Rewarding police officers who displayed aggressive and abusive behavior toward detainees, arrestees, and members of the public;

j. Condoning and participating in the practice of reducing or dismissing criminal charges against individuals in return for releasing the City of Long Beach and employees of the Long Beach Police Department from civil liability;

k. Condoning and encouraging officers' beliefs that they can violate the rights of persons such as the plaintiff's decedent with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

l. Promoting and/or acquiescing in the policy of stopping, detaining, questioning, arresting and shooting members of the public without probable cause or reasonable suspicion;

m. Sanctioning, condoning and approving a department wide code of silence, a euphemism for perjury and dishonesty by peace officers;

n. Ratifying by the highest levels of authority the specific unconstitutional acts alleged in this complaint.

33. On or about November 10, 2013 and for some time prior thereto, Defendant City of Long Beach knew or should have known, that defendants had propensities for violence, dishonesty, and for abusing their authority but failed to

7

discipline, and ratified, acquiesced in, authorized or directed the violent acts and abuses of power committed by these officers.

34. As a direct and legal result of the aforementioned wrongful acts of the individual defendant, and the aforementioned policy, pattern, practice or custom of the City of Long Beach, defendant violated the rights of JORDAN as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendant's acts and omissions as herein alleged proximately caused JORDAN's death.

36. By reason of the aforementioned acts and omissions of defendant, and the ensuing death of JORDAN, plaintiff has suffered damages, including, without limitation, the Decedent's loss companionship, comfort, affection, society, and solace, and will continue to be deprived of the relationship of her son, and his comfort to the same extent as prior to his injuries and death, all to her general and special damages according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

37. By reason of the aforementioned acts and omissions of defendant, plaintiff was compelled to secure the services of an attorney at law to redress the wrongs described herein. As a result, plaintiff is indebted and liable for legal costs, including attorneys' fees.

## COUNT THREE
## CONSPIRACY TO VIOLATE CIVIL RIGHTS
## (42 U.S.C. § 1983)
### (Against all Defendants)

38. The allegations set forth in paragraphs 1 through 37 are incorporated herein by reference.

39. During the course of this incident, Defendants City of Long Beach and Unknown Named Employees of the City of Long Beach conspired to and in fact did deprive JORDAN of his right to be free from state actions that shock the conscience,

as guaranteed by the Fourth and Fourteenth Amendments.

40. All rights of JORDAN, as set forth, were violated by Defendants City of Long Beach and Unknown Named Employees of the City of Long Beach by their wrongful use of excessive force, denial of medical care, and cover-up, as more specifically set forth.

41. On information and belief, Defendants City of Long Beach and Unknown Named Employees of the City of Long Beach agreed and conspired, and shared the same conspiratorial objective with each other to use excessive force against JORDAN, purposefully disregard his medical needs, and covered up their misdeeds in violation of JORDAN's constitutional rights.

42. As a proximate result of Defendants' conspiracy to violate JORDAN's constitutional rights, JORDAN was unjustifiably shot and killed.

43. The conduct of Defendants City of Long Beach and Unknown Named Employees of the City of Long Beach was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of JORDAN and therefore warrants the imposition of exemplary and punitive damages as to Defendants City of Long Beach and Unknown Named Employees of the City of Long Beach only.

44. Accordingly, Defendants City of Long Beach and Unknown Named Employees of the City of Long Beach each are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## COUNT FOUR
## NEGLIGENCE
### (Against All Defendants)

45. The allegations set forth in paragraphs 1 through 44 are incorporated herein by reference.

46. Defendants owed a duty of care toward JORDAN and were required to use reasonable diligence to ensure that plaintiff was not harmed by defendants' acts
9

or omissions. Defendants' actions and omissions were negligent and reckless, including but not limited to:

    a. the failure to properly assess the need to use lethal force against JORDAN;

    b. the negligent tactics and handling of the situation with JORDAN;

    c. the negligent use of force against JORDAN;

    d. the failure to properly train, supervise and discipline employees, including the individual defendants;

    e. the negligent treatment of JORDAN after he received a serious head injury;

    f. the failure to provide timely medical assistance to JORDAN; and

    g. the negligent hiring, retention and assignment of its employees, including the individual defendants.

47. Defendants' conduct caused plaintiff, without limitation, the Decedent's loss companionship, comfort, affection, society, and solace, and will continue to be deprived of the relationship of her son, and his comfort to the same extent as prior to his injuries and death, all to her general and special damages according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

48. As a direct and legal result of their conduct, defendants are liable for plaintiff's damages, either because they were integral participants in the negligence, or because they failed to intervene to prevent these violations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff's request entry of judgment in his favor and against Defendants as follows:

    a. For compensatory damages, including both loss of earnings, loss of

earning capacity and medical costs under federal and state law, and interest, in an amount no less than $10,000,000;

    b. For punitive damages against individual defendants in an amount to be proven at trial;

    c. For funeral and burial expenses to be determined according to proof at trial;

    d. For reasonable costs of this suit and attorneys' fees pursuant 42 U.S.C. § 1988; and

    e. For such further relief as the Court may deem just, proper, and appropriate.

Dated: June 24, 2014

THE SEHAT LAW FIRM, PLC

By: _____
Cameron Sehat, Esq.
Attorney for Plaintiff
Pamela Marie Fields

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury.

Dated: June 24, 2014

THE SEHAT LAW FIRM, PLC

By: _____
Cameron Sehat, Esq.
Attorney for Plaintiff
Pamela Marie Fields